UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY BOATWORKS COMPANY, a California limited partnership,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL FORMICO, and M/V WILD WAVE (Official Number 550855) and her engines, boilder, tackle, apparel, furnishings, and appurtenances, etc., <u>in rem</u>,<br><br>　　　　　　　Defendants. | Case No.: 12-CV-4544 LHK<br><br>ORDER APPOINTING PLAINTIFF SUBSTITUTE CUSTODIAN |

Upon Application of Plaintiff MONTEREY BAY BOATWORKS for an order appointing a substitute custodian in lieu of the United States Marshal in this case, and good cause appearing therefore, the Court ORDERS as follows:

1. The United States Marshal for this District shall transfer custody of the Defendant vessel M/V WILD WAVE (Official Number 550855), her engines, boiler, machinery, masts, spares, rigging, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances, etc. (the "Vessel"), to the custody of substitute custodian Plaintiff Monterey Bay Boatworks

("Substitute Custodian"), by and through its authorized representatives, following arrest of the Vessel;

2. Upon the transfer of the Vessel to the Substitute Custodian, the Substitute Custodian shall act as substitute custodian of the Defendant Vessel during *custodia legis* on behalf of this Court, in place of and instead of the United States Marshal, until further order of this Court;

3. Upon transfer of custody of the Defendant Vessel to the Substitute Custodian by the U.S. Marshal, the U.S. Marshal shall not be liable for any loss occurring while it remains in the custody of the Substitute Custodian;

4. Upon transfer and custody of the Vessel, the Substitute Custodian may tow, operate, haul out of the water, place in drydock and otherwise navigate the Vessel to the location of the Substitute Custodian, so long as that location is within the jurisdiction of this Court, as is necessary to ensure the safety and good keeping of the Vessel;

5. During *custodia legis*, all reasonable expenditures of the U.S. Marshal related to its provision of custodianship services shall be deemed administrative expenses in this action and a first charge on the Vessel, to be paid to the U.S. Marshal prior to the release of the Vessel or distribution of the proceeds of its sale;

6. During *custodia legis*, all reasonable expenses incurred by the Substitute Custodian, or by any party advancing funds to the Substitute Custodian, for the safekeeping and maintenance of the Vessel while it is in *custodia legis* shall be deemed administrative expenses in this action and a first charge on the Vessel, to be paid to the Substitute Custodian, or to any party advancing funds to the Substitute Custodian, prior to the release of the Vessel or distribution of the proceeds of its sale;

7. During *custodia legis* all necessary insurance policies will be maintained by the Substitute Custodian, or those acting on its behalf, in order to provide coverage for the protection of the Vessel.  Such amounts as are reasonable shall also be deemed administrative expenses

in this action and a first charge on the Vessel, to be paid to the Substitute Custodian, or to any party advancing funds to the Substitute Custodian, prior to the release of the Vessel or distribution of the proceeds of its sale;

8. The reasonable expenses the Substitute Custodian may incur for providing care, custody, and security for, and maintaining insurance on, the Vessel shall not exceed $800 per month, or approximately $26 per day, exclusive of emergency services. The Substitute Custodian shall provide monthly statements setting forth these expenses;

9. During *custodia legis* the Substitute Custodian shall not permit repairs or changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an order of this Court.

**IT IS SO ORDERED.**

Dated: October 4, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No.: 12-CV-4544-LHK
ORDER APPOINTING PLAINTIFF SUBSTITUTE CUSTODIAN