*E-FILED: April 16, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY BOATWORKS COMPANY, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FORMICO and M/V WILD WAVE (Official Number 550855) and her engines, boiler, tackle, apparel, furnishings, and appurtenances, etc. in rem,<br><br>Defendants. | No. C12-04544 HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE**<br><br>[Re: Docket No. 23] |

On August 30, 2012, plaintiff Monterey Bay Boatworks (MBB) filed this admiralty action in rem against the M/V Wild Wave and in personam against its owner, Michael Formico. MBB says that in July 2011, Formico entered a work order agreement for services to be performed on the M/V Wild Wave. As of August 31, 2011, MBB says that Formico owed $11,096.60 for labor, parts, and lay day fees. According to the complaint, on or about January 25, 2012, one Cindy Krueger paid $3,000 on Formico's behalf, but no other payments have been made since then. As of the filing of the instant action, plaintiff says that the outstanding debt (including interest) for repairs and lay day fees exceeded $53,000.

Judge Koh, who previously presided over this matter, issued a warrant for the arrest of the vessel. And, the U.S. Marshal arrested the M/V Wild Wave on October 31, 2012. Several

days later, MBB published notification of the boat's arrest on the court's docket, the San Francisco Daily Journal, and the San Jose Post Record, as required by Admiralty Local Rule 4-1(a) and Civil Local Rule 77-4.

Meanwhile, on October 2, 2012, Formico, proceeding pro se, filed a verified answer to the complaint, denying plaintiff's allegations. Then, on November 14, 2012, he filed a "Statement of Interest; Right to Possession." (Dkt. No. 22). In that statement, Formico requested a hearing at which "Plaintiff shall be required to show cause for arrest or should be vacated [sic] or other relief granted." (Dkt. No. 22 at 2). Finding Formico's request for a hearing to be "unclear," Judge Koh issued an order directing him to file by January 4, 2013 a motion pursuant to Fed. R. Civ. P. E(4)(f), Supplemental Rules for Certain Admiralty and Maritime Claims,[1] if that was what he intended. (Dkt. No. 30). No such motion was filed.

No one other than Formico made a claim of interest or right as to the M/V Wild Wave within the required time period. And, on December 6, 2012, default was entered as to unnamed persons or entities that failed to plead or otherwise defend or claim an interest in the vessel. (Dkt. No. 27).

Plaintiff proceeded with the instant motion for interlocutory sale of the M/V Wild Wave. When Formico failed to file any opposition to the motion by the December 14, 2012 deadline, plaintiff also moved for entry of his default as to the motion.

Upon MBB's and Formico's consent, this action subsequently was reassigned to this court for all purposes. 28 U.S.C. § 636; FED. R. CIV. P. 73.

Inasmuch as MBB's motion for interlocutory sale had previously been noticed for a hearing with Judge Koh, this court denied MBB's request for default and re-set the matter for an April 16, 2013 hearing. The court proceeded with the hearing on that date. Plaintiff appeared. Formico did not. Upon consideration of the moving papers, plaintiff's motion for interlocutory sale is granted.

---

[1] Fed. R. Civ. P. E(4)(f), Supplemental Rules for Certain Admiralty and Maritime Claims, provides, in relevant part: "Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."

2

Rule E(9)(a) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, authorizes a court to order the sale of an arrested vessel if (1) the vessel is liable to deterioration, decay, or injury by being detained in custody pending the action; (2) the expense of keeping the property is excessive or disproportionate; or (3) there is an unreasonable delay in securing the release of the property. MBB need only satisfy one of the three criteria to prevail. The Merchants Nat'l Bank of Mobile v. The Dredge Gen'l G. L. Gillespie, 663 F.2d 1338, 1341 (5th Cir. 1981); Bank of Rio Vista v. Vessel Captain Pete, No. C04-02736 CW, 2004 WL 2330704 at *2 (N.D. Cal., Oct. 14, 2004).

Here, Michael Maiorana, MBB's Managing General Partner, avers that:

- The M/V Wild Wave has been sitting in MBB's boatyard for nearly two years. (Maiorana Decl. ¶ 2);
- As of August 24, 2012, Formico owed $53,924.12 (including interest) for repairs and lay day fees; and, other than the $3,000 payment made by Ms. Krueger in January 2012, there has been no other payment on Formico's account (Id. ¶ 3);
- The M/V Wild Wave is taking up space in MBB's boatyard and is deteriorating in the weather. Specifically, "the vessel is not operating, the paint on the hull, topsides and deck is deteriorating and cracking, the rubber gaskets are drying out, and the engines are not being run, which would be lubricate [sic] all seals, piston and other operating parts." (Id. ¶ 4);
- MBB is required to provide custodial services for the vessel, including arranging for emergency repairs if necessary, routine maintenance, and any courts orders pertaining to the provision of such services. (Id. ¶ 5).

Formico has presented no arguments in opposition. On the record presented, the court finds that MBB has demonstrated that the vessel is liable to deterioration, decay, or injury, and that there has been unreasonable delay in securing release of the property. "'As a general rule, defendants are given at least four months to bond a vessel absent some other considerations.'" Bank of Rio Vista, 2004 WL 233074 at *2 (quoting United States v. F/V Fortune, 1987 WL

27274 (D. Alaska, Apr. 14, 1987). The M/V Wild Wave was arrested over five months ago, and Formico has not yet secured her release.[2]

Accordingly, plaintiff's motion for interlocutory sale is granted and IT IS ORDERED THAT:

1. The Clerk of the Court shall issue a writ of *venditioni exponas* to the U.S. Marshal for the public sale of defendant, M/V WILD WAVE (Official Number 550855) and her engines, boiler, tackle, apparel, furnishings, and appurtenances, etc, to the highest and best bidder. The U.S. Marshals Service shall sell the vessel on May 15, 2013 at 10:00 a.m., or as soon thereafter as is practical at the vessel's current location at Monterey Bay Boatworks Co., Ltd. 32 Cannery Row Monterey, CA 93940. The plaintiff shall publish notice of such sale daily for six (6) consecutive days before the date of sale, consistent with this order, in the SAN JOSE MERCURY NEWS and plaintiff may, at its election, advertise in local papers.

2. The cost of publication advanced by plaintiff herein shall be an administrative expense and shall constitute a first charge against the proceeds of any sale.

3. Plaintiff is authorized to bid at the sale, without having to make any deposit therefore, up to the amount of its debt in an amount of $53,924.12, as established by affidavit filed and served by that party on all other parties no later than 14 days prior to the date of sale.

4. That no minimum bid be set for the auction sale and that bidding be made in increments of at least $100.00 each.

5. That the successful cash bidder shall pay, to the United States Marshal, a deposit of either $5,000.00 or 10% of the amount of the successful bid, whichever is greater, immediately at the time of completion of the auction sale and the balance of the purchase price shall be paid, to the United States Marshal, before confirmation of the sale or within (3) court days of the dismissal of any opposition which may have been filed. All such payments are to be made in cash or certified or cashier's check.

---

[2] Plaintiff did not, in its papers, present information that would allow this court to assess the value of the M/V Wild Wave. At the hearing, however, counsel indicated that plaintiff obtained a Marine survey valuation of $35,000.

4

1  6. Unless a written objection to the sale is made and filed with the Court within
2 three court days following the sale, the sale shall be confirmed without motion and the United
3 States Marshal shall transfer title of the M/V WILD WAVE (Official Number 550855) upon
4 presentation of the Court's order confirming such sale.

5  7. That the proceeds of the sale shall be paid forthwith into the registry of this
6 Court to abide by the determination of the action therein.

7 Dated: April 16, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-04544-HRL Notice has been electronically mailed to:

2  Cory A. Birnberg     birnberg@birnberg.com, norma@birnberg.com, recept@birnberg.com

4  5:12-CV-04544-HRL Notice sent by U.S. Mail to:

5  Michael Formico
   14636 Firestone Drive
6  Saratoga, CA 95070

7       Pro Se Defendant