*E-FILED: May 9, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY BOATWORKS COMPANY, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FORMICO and M/V WILD WAVE (Official Number 550855) and her engines, boiler, tackle, apparel, furnishings, and appurtenances, etc. in rem,<br><br>Defendants. | No. C12-04544 HRL<br><br>**ORDER RE DEFENDANTS' MOTION FOR AN ORDER SHORTENING TIME; MOTION FOR RECONSIDERATION**<br><br>[Re: Docket No. 54] |

Plaintiff Monterey Bay Boatworks (MBB) filed this admiralty action in rem against the M/V Wild Wave and in personam against its owner, Michael Formico, claiming that Formico owes tens of thousands of dollars in connection with a work order agreement for services to be performed on the M/V Wild Wave. On April 16, 2013, this court held a hearing on MBB's motion for interlocutory sale of the vessel. There was no appearance by defendants. Later that same day, the court issued an order granting that motion and setting a May 15, 2013 sale date.

On May 7, 2013, attorney Kim Dincel filed an appearance as counsel of record for defendants. And, on May 8, defendants filed the instant motion to set aside the court's April 16 order, along with a request that the matter be heard, on dramatically shortened time, on May 14.

Preliminarily, the court notes that defendants' motion, which this court construes as a request for reconsideration, is procedurally defective. "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." CIV. L.R. 7-9. In requesting leave to seek reconsideration, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Defendants did not request leave to seek reconsideration. And, in any event, they have not made a sufficient showing here. For the most part, they say that they did not appear at the April 16 hearing because Dincel was first contacted about representation in this matter on April 1; due to the press of business, Dincel did not realize that a signed retainer agreement was dropped off at his office on April 10; although Dincel had his staff access the case docket via PACER and learned that the hearing on plaintiff's motion for interlocutory sale was set for April 16, he mistakenly believed that the hearing was set for April 17; and, it was not until the afternoon of April 16 that Dincel realized that he had been retained and that the hearing had already been held. None of this addresses the substance of the court's April 16 order or provides a basis for reconsidering the rulings made in it. Moreover, by Dincel's own account, he realized his error with respect to the hearing date by the afternoon of April 16. It seems that prudent counsel would have entered an appearance and filed something with the court advising as to the problem by at least April 17—not several weeks after the fact. Defendants say that for the past several weeks, the parties have been discussing settlement. Those efforts, however, are not inconsistent with promptly entering an appearance and filing a request for some sort of relief from the court with respect to the missed hearing.

1    Further, the court is dismayed by the extreme tardiness with which defendants
apparently seek to have this court revisit the M/V Wild Wave's arrest—nearly seven months
after the arrest was made, over five months after Formico received notice that plaintiff sought
leave to have the vessel sold, weeks after the court issued its order authorizing the sale, and
only days before the sale is set to occur.  It is extraordinary for Formico to have waited this
period of time, after months of apparent inaction.  Although Formico was representing himself
for much of these proceedings, pro se litigants are nonetheless obliged to proceed diligently and
to follow the same rules as represented parties.[1]

   Defendants say that they otherwise would have argued that the M/V Wild Wave is not
deteriorating in the manner and to the extent plaintiff has contended; and that defendants could
post bond as a way of avoiding the sale and allowing the parties to resolve their differences on
their own.  As far as the court is aware, defendants have not posted any bond.  And, defendants'
assertions are made in highly conclusory fashion.  Indeed, defendants acknowledge the
possibility that their arguments may well have no effect on this court's April 16 order.

   Defendants having provided the court with no basis to reconsider its April 16 order,
their motion to have it set aside is denied.  They will nevertheless be given an opportunity to tell
the court what they want it to know with respect to this matter.  Defendants' papers shall be
filed **no later than 12 p.m. on Friday, May 10, 2013, with chambers copies to be delivered
to the undersigned's chambers no later than 1:00 p.m.**  If plaintiff wishes to oppose or
otherwise respond to defendants' submission, its papers shall be filed **no later than 9:00 a.m.
on Monday, May 13, with chambers copies to be delivered no later than 10:00 a.m. that
same day**.  There will be no replies.  Unless otherwise ordered, the matter will be heard on **May**

---

[1] Formico evidently was made aware of the Federal Legal Assistance Self-Help Center (FLASH).  Indeed, several months ago, Judge Koh, who previously presided over this matter, ordered him to consult with FLASH as to how to proceed with this case.  (Dkt. No. 37).

3

**14, 2013, 10:00 a.m.** in Courtroom 2, Fifth Floor of the San Jose courthouse.

SO ORDERED.

Dated: May 9, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:12-cv-04544-HRL Notice has been electronically mailed to:

2   Cory A. Birnberg     birnberg@birnberg.com, norma@birnberg.com, recept@birnberg.com

3   Kim Dincel     kdincel@dincellaw.com, jrogers@dincellaw.com, jrose@dincellaw.com, knimori@dincellaw.com