*E-FILED: May 14, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY BOATWORKS COMPANY, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FORMICO and M/V WILD WAVE (Official Number 550855) and her engines, boiler, tackle, apparel, furnishings, and appurtenances, etc. in rem,<br><br>Defendants. | No. C12-04544 HRL<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION** |

Plaintiff Monterey Bay Boatworks (MBB) filed this admiralty action in rem against the M/V Wild Wave and in personam against its owner, Michael Formico, claiming that Formico owes tens of thousands of dollars in connection with a work order agreement for services to be performed on the M/V Wild Wave. On April 16, 2013, this court held a hearing on MBB's motion for interlocutory sale of the vessel. There was no appearance by defendants. Later that same day, the court issued an order granting that motion and setting a May 15, 2013 sale date.

Several weeks later, on May 8, defendants filed a request to set aside the court's April 16 order, along with a request that the matter be briefed and heard on one week's notice on May 14. Defendants having failed to provide any basis for reconsideration of the April 16 order, their request to set aside that order was denied. Nevertheless, the court gave defendants an

1  opportunity to tell the court what they wanted it to know.  (See Dkt. No. 55, May 9, 2013
2  Order).  The matter having been briefed on an expedited schedule and heard on May 14, the
3  court rules as follows:

4      Defendants are truly raising an eleventh hour challenge.  There have been lots of
5  previous opportunities for Formico to raise issues with the court.  None of them were taken.[1]
6  The court was looking for a solid showing from defendants as to why it should reconsider the
7  rulings made in its April 16 order.  See Civ. L.R. 7-9.  Defendants, however, asserted various
8  and shifting theories that appeared contrived.  Their primary construct as to a previous arrest or
9  seizure of the vessel was demonstably false with no legal validity, as defendants now
10 acknowledge.  Then, at the May 14 hearing, the court was told that Formico's actual grievance
11 is over the amount of storage fees and other costs MBB is charging (expenses that presumably
12 could have been avoided if defendant had paid what was owed when it was due), which may be
13 addressed after the sale.  The court will not reconsider its April 16 order.

14     SO ORDERED.
15 Dated: May 14, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] As noted at the hearing, Formico did nothing in response to then-presiding Judge Koh's invitation to file a motion pursuant to Supplemental Admiralty Rule E(4)(f). (See Dkt. No. 30).  Nor did he file any opposition to plaintiff's motion for interlocutory sale. Although defendants say that they inadvertently missed the April 16 hearing on that motion, they did nothing to bring the matter to the court's attention until several weeks after the court's April 16 order issued and only days before the scheduled sale.

2

1  5:12-cv-04544-HRL Notice has been electronically mailed to:

2  Cory A. Birnberg     birnberg@birnberg.com, norma@birnberg.com, recept@birnberg.com

3  Kim Dincel     kdincel@dincellaw.com, jrogers@dincellaw.com, jrose@dincellaw.com, knimori@dincellaw.com